IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

**JONATHAN SPENADER**,
an individual,

    **Plaintiff,**

v.

**DISCOVER PRODUCTS INC.,**
d/b/a **DISCOVER BANK,**
a foreign for-profit corporation,

    **Defendant.**
_____/

## NOTICE OF REMOVAL

Defendant, DISCOVER BANK INC., incorrectly identified as DISCOVER PRODUCTS INC., d/b/a DISCOVER BANK ("Discover"), preserving any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, all defenses under the federal laws, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the County Court of Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this notice of removal, Discover states as follows:

    **I.**    **INTRODUCTION AND PROCEDURAL REQUIREMENTS**

    1.    Plaintiff Jonathan Spenader ("Plaintiff") commenced this action by filing a complaint against Discover in the County Court of Polk County, Florida, Case Number 2019-CC-

006372 ("Polk County Court Action") on or about November 6, 2019.  Discover was served on November 8, 2019.

2. Plaintiff asserts three claims: (1) violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72(7); (2) violation of the FCCPA Fla. Stat. § 559.72(18); and (3) violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) ("TCPA"). [*See generally*, Compl.]

3. Based on these allegations, Plaintiff purports to assert a federal claim under the TCPA.  [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides in its pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Plaintiff's additional state-law claims for alleged violations of the FCCPA form part of the same case or controversy as his federal claims, and fall under this Court's supplemental jurisdiction.

6. True and correct copies of all process, pleadings, and orders in the Polk County Court Action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a) and Local Rule 4.02(b).

7. The United States District Court for the Middle District of Florida, Tampa Division is the federal district court embracing Polk County, Florida. *See* 28 U.S.C. §§ 89(b) and 1441(a), and Local Rule § 1.02(b)(4).

8. Discover is giving prompt written notice of this *Notice of Removal* to Plaintiff and the County Court for Polk County as required by 28 U.S.C. §1446(d).

9. Discover reserves the right to supplement this notice of removal.

10. To the extent remand is sought by Plaintiff or otherwise visited by this Court, Discover requests the opportunity to brief the issues and submit additional arguments and evidence, and be heard at oral argument.

11. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446 and Fed. R. Civ. P. 6.

## II.   FEDERAL QUESTION JURISDICTION

12. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

13. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting a claim against Discover based upon an alleged violation of the TCPA, which is a federal consumer protection statute. [*See* Complaint]

14. The United States Supreme Court has held that TCPA claims give rise to federal question jurisdiction. *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *see also Balthazar v. Central Credit Services, Inc.,* 475 Fed. Appx. 716 (11th Cir. 2012)

15. Accordingly, Plaintiff's TCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III.     SUPPLEMENTAL JURISDICTION

16.     Because this Court has federal question jurisdiction over Plaintiff's TCPA claim, it would also have supplemental jurisdiction over his state law claims alleging violations of the FCCPA.  This is due to the fact that the FCCPA claim arises out of the same case and controversy that gives rise to the TCPA claim.

17.     Specifically, the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

28 U.S.C. § 1367(a); *see also Leblanc v. Advance Credit Corp.*, 8:06-CV-747-T27EAJ, 2007 WL 141173, at *3-4 (M.D. Fla. Jan. 16, 2007) ("Claims arising from a 'common nucleus of operative fact' necessarily involve 'the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts.'") (quoting *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1563-64 (11th Cir. 1994)).

18.     In the instant case, Plaintiff alleges that Discover contacted him unlawfully in an attempt to collect a debt, which forms the "common nucleus" of his TCPA and FCCPA claims against Discover.  [*See generally*, Compl.]

19.     Because Plaintiff's state law claims are based on the same basic facts (alleged improper collection practices), it is clear that they are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy, and therefore, the state law claims fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).  *See also* 28 U.S.C. § 1441(c) *See generally Speidel v. American Honda Fin. Corp.,* No. 2:14–cv–19–FtM–38CM, 2014 WL 820703, at *2-*3 (M.D. Fla.

Mar. 3, 2014) (exercising supplemental jurisdiction over the plaintiff's FCCPA claims where they arise from the same alleged debt collection activity as the plaintiff's TCPA claim).

20. Thus, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. *See Jones v. Garcia*, 936 F. Supp. 929, 930-31 (M.D. Fla. 1996) (holding "that judicial economy is not served by bifurcating this case, involving the resources of two judicial officers" where the case involved violations of the federal Emergency Medical Treatment and Active Labor Act and state medical negligence claims).

21. In the instant case, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's demand for relief under the TCPA, and arise from the same transactions or occurrences as Plaintiff's federal question claim. It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

### IV.   ADOPTION AND RESERVATION OF DEFENSES

22. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Discover's rights to assert any defense or affirmative matter, including, but not limited to, the defenses provided for in Rule 12 of the Federal Rules of Civil Procedure, any other pertinent defense available under any state or federal statute, or otherwise or that Plaintiffs' claims are subject to binding arbitration.

**WHEREFORE,** Discover prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court of Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: December 9, 2019

Respectfully submitted,

/s/ *Charles C. Davis III*
David A. Elliott, Esq.
Florida Bar No.: 0094237
Charles C. Davis, III, Esq.
Florida Bar No.: 1003433
**BURR & FORMAN LLP**
201 N. Franklin Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 221-2626
Facsimile: (813) 221-7335
Primary Email: delliott@burr.com
Secondary Email: cwingate@burr.com
Primary Email: cdavis@burr.com
Secondary Email: anolting@burr.com,
dmorales@burr.com; mguerra@burr.com
*Attorneys for Defendant,*
*DISCOVER BANK, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2019, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, and that I served a true and correct copy of the document via United States First Class Mail, postage prepaid, addressed as follows:

Ian R. Leavengood, Esq.
Sean E. McEleney, Esq.,
Kelly C. Burke, Esq.,
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
consumerservice@leavenlaw.com
smceleney@leavenlaw.com
kburke@leavenlaw.com
*-and-*
Eva M. Donohue, Esq.,
EVA M. DONOHUE, P.A.
P.O. Box 5074
Lakeland, FL 33807
info@emdlawfirm.com
*Attorneys for Plaintiff*

/s/ *Charles C. Davis, III*
Charles C. Davis, III, Esq.