# EXHIBIT A

**Stacy M. Butterfield, CPA**
**Clerk of Courts & Comptroller**
**Polk County, Florida**

# Polk Records Online

_Accessibility Information_

User: PUBLIC - IP (173.227.144.2)

Home    Help    My Account    Log Out

# Case Detail

New Search    Back to Search Results

**Case : 2019CC006372000000**
**Case Type : DMGC - DAMAGES (CC)**
**Section : M0 BOB GRODE**
**Case Style : SPENADER, JONATHAN vs. DISCOVER PRODUCTS, INC.**
**Disposition : Open**

Print Case Summary

| Dockets | Parties | Hearings | Financial | Disposition |

🟢 Available for viewing          ⛔ Not available for viewing

🔻 Available for viewing after manual review    🔺 Manual review pending or completed

**Click icon in 'View' column to access document**

| Date | Action | Pages | Sequence | View |
|---|---|---|---|---|
| 11/06/2019 | CIVIL COVER SHEET | 2 | 1 | 🔺 |
| 11/06/2019 | DESIGNATION OF E-MAIL ADDRESSES | 2 | 3 | 🔻 |
| 11/06/2019 | VERIFIED COMPLAINT | 17 | 4 | 🔺 |
| 11/06/2019 | NOTICE OF PRODUCTION OF DOCUMENTS FROM NON-PARTY | 2 | 5 | 🔺 |
| 11/07/2019 | SUMMONS ISSUED BY CLERK - DISCOVER PRODUCTS, INC., DBA DISCOVER BANK, A FOREIGN FOR-PROFIT CORPORATION | 3 | 2 | 🔻 |
| 12/02/2019 | DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT | 3 | 6 | 🔻 |

Terms of Use Help & FAQ
To learn more about Polk Clerk of Courts and Comptroller please visit http://www.polkcountyclerk.net
or follow us on Facebook https://www.facebook.com/polkcountyclerk
PRO Release Version 1.2.3.2
© 2019 - Polk County, all rights reserved

Filing # 98496289 E-Filed 11/06/2019 04:33:34 PM

**IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION**

JONATHAN SPENADER,
an individual,                                          Case No.:

     Plaintiff,

v.

DISCOVER PRODUCTS, INC.,
d/b/a DISCOVER BANK,
a foreign for-profit corporation,

     Defendant.

_____/

I.    TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

| | |
|---|---|
| [] Condominium | [] Professional malpractice |
| [] Contracts and indebtedness |   [] Malpractice—business |
| [] Eminent domain |   [] Malpractice—medical |
| [] Auto Negligence |   [] Malpractice—other professional |
| [] Negligence—other | [X] Other – Wrongful Act |
|   [] Business governance |   [] Antitrust/Trade regulation |
|   [] Business Torts |   [] Business transactions |
|   [] Environmental/Toxic Tort |   [] Constitutional challenge—statute or |
|   [] Third Party indemnification |     ordinance |
|   [] Construction defect |   [] Constitutional challenge—proposed |
|   [] Mass Tort |     amendment |
|   [] Negligent security |   [] Corporate trusts |
|   [] Nursing home negligence |   [] Discrimination |
|   [] Premises liability—commercial |   [] Insurance claims |
|   [] Premises liability—residential |   [] Intellectual property |
| [] Products liability |   [] Libel/ Slander |
| [] Real property/Mortgage foreclosure |   [] Shareholder derivative action |
|   [] Commercial foreclosure |   [] Securities litigation |
|   [] Residential foreclosure |   [] Trade secrets |
|   [] Other real property actions |   [X] Unlawful Debt Collection |

II.   REMEDIES SOUGHT (check all that apply)
    [X] monetary;
    [ ] non-monetary declaratory or injunctive relief;
    [ ] punitive

III.  NUMBER OF CAUSES OF ACTION: [ 3 ]
    Unlawful Debt Collection: FCCPA Sections 559.72(7) and (18); TCPA, 15 United States Code Section 227 et seq.

1

IV.   IS THIS CASE A CLASS ACTION LAWSUIT?
    [ ] yes
    [X] no

V.    HAS A NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
    [X] no
    [ ] yes  If "yes," list all related cases by name, case number, and court.

VI.   IS JURY TRIAL DEMANDED IN COMPLAINT?
    [X] yes
    [ ] no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

DATE: November 6, 2019

                    Respectfully submitted,

                    **LEAVENLAW**

                    */s/ Ian R. Leavengood*
                    **[X] Ian R. Leavengood, Esq., FBN 0010167**
                    □ **Sean E. McEleney, Esq., FBN 0125561**
                    □ **Kelly C. Burke, Esq., FBN 0123506**
                    **Northeast Professional Center**
                    **3900 First Street North, Suite 100**
                    **St. Petersburg, FL 33703**
                    **Phone: (727) 327-3328**
                    **Fax: (727) 327-3305**
                    consumerservice@leavenlaw.com
                    smcclency@leavenlaw.com
                    kburke@leavenlaw.com

                    *~and~*

                    **Eva M. Donohue, Esq., FBN 576581**
                    **EVA M. DONOHUE, P.A.**
                    **P.O. Box 5074**
                    **Lakeland, FL 33807**
                    **Phone: (863) 687-6400**
                    **Fax: (863) 687-6440**
                    info@emdlawfirm.com
                    *Attorneys for Plaintiff*

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

JONATHAN SPENADER,
an individual,                                          Case No.:

     Plaintiff,

v.

DISCOVER PRODUCTS, INC.,
d/b/a DISCOVER BANK,
a foreign for-profit corporation,

     Defendant.

_____/

## VERIFIED COMPLAINT

    **COMES NOW**, Plaintiff, JONATHAN SPENADER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, DISCOVER PRODUCTS, INC., d/b/a DISCOVER BANK (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## INTRODUCTION AND PRELIMINARY STATEMENT

    This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), wherein Defendant repeatedly communicated directly with Plaintiff in an attempt to collect a consumer debt despite Defendant possessing actual knowledge of Plaintiff's legal counsel with respect to such debt as well as possessing said legal counsel's contact information, and Defendant also repeatedly made telephone calls to Plaintiff's cellular telephones using an automatic telephone dialing system, predictive telephone dialing system, or an artificial or pre-recorded voice despite Defendant lacking Plaintiff's prior express consent to make such calls.

## JURISDICTION AND VENUE

1.      Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77 and 47 United States Code, Section 227(b)(3).

2.      This is an action for damages that exceeds $5,000.00 but is less than $15,000.00, exclusive of attorneys' fees and costs.

3.      At all material times herein, Defendant's conduct, complained of below, occurs in Polk County, Florida.

4.      At all material times herein, Plaintiff is an individual residing in Polk County, Florida.

5.      At all material times herein, Defendant is a foreign for-profit corporation existing under the laws of the state of Utah with its principal place of business located at 2500 Lake Park Boulevard, Lake Park, Utah 84120.

## FCCPA STATUTORY STRUCTURE

6.      The FCCPA is a state consumer protection statute, modeled after the Federal Fair Debt Collection Practices Act, 15 United States Code, Section 1692, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C. §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

7.      The FCCPA imposes civil liability on a creditor that "offers or extends credit creating a debt or to whom a debt is owed…" and prohibits any person from engaging in particular conduct in connection with collecting consumer debts.  Fla. Stat. § 559.55(5).

8.      Specifically, the FCCPA prohibits unlawful debt collection "communications" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

2

9.     For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from communicating directly with a consumer known to be represented by legal counsel in an attempt to collect consumer debt when such person possesses said legal counsel's contact information. *See* Fla. Stat. §§ 559.72(7) and (18).

## TCPA STATUTORY STRUCTURE

10.    Congress enacted the TCPA in an effort to restrict pervasive use of automated or prerecorded telephone calls that invade consumers' personal privacy.  Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1), (5), and (10).

11.    Congress intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* at §§ (5) and (12).

12.    Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater.  47 U.S.C. § 227(b)(3)(B).

13.    Under the TCPA, the court may increase the damage award up to three (3) times, or up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

14.    Furthermore, the Restrictions on Use of Telephone Provision, 47, United States Code, Section 227(b)(1) prohibits any person:

> (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, … or any service for

3

which the called party is charged for the call.

15.     Additionally, Plaintiff alleges that Defendant continued to call his cellular telephone using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV") in violation of the FCC Rule, 47 C.F.R. Section 64.1200(a)(1).

16.     One of the regulations prescribed under the TCPA is the Federal Communications Commission ("FCC")'s rule, 47 C.F.R Section 64.1200 ("FCC Rule"), that implements the TCPA. The FCC originally promulgated the FCC Rule in 1992, since which time it has subsequently been amended as telecommunications technology has changed.

17.     In its current state, the FCC Rule, 47 C.F.R. § 64.1200, provides, in relevant part, that:

> (a) No person or entity may:
>
> (1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

## GENERAL ALLEGATIONS

18.     At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

19.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

20.     At all material times herein, Defendant attempts to collect a debt, specifically an

4

alleged balance due on a consumer credit card referenced by account number ending in ███████

(hereinafter, the "Debt").

21.    At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

22.    At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. §§ 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

23.    At all material times herein, Defendant's conduct with respect to the Debt complained of below qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

24.    At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25.    All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

26.    Defendant made telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone num███████████████reinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

27.    Plaintiff is the possessor, controller, and regular user of a cellular telephone with assigned telephone num███████████████, Plaintiff's Cellular Telephone).

28.    At no time herein did Defendant possess Plaintiff's prior express consent to call

5

Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

29.     Further, if Defendant contends it did possess such consent at one point in time, Plaintiff nonetheless revoked any alleged prior existing consent the moment Plaintiff demanded that Defendant cease calling Plaintiff's Cellular Telephone and revoked any alleged prior express consent the moment Plaintiff advised Defendant that he was represented by an attorney with respect to the Debt and provided Defendant with said attorney's contact information.

30.     Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," Defendant nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

31.     On or about May 2, 2019, Plaintiff retained Eva Donohue, P.A., (hereinafter, "Eva Donohue") with respect to his debts generally, including the Debt allegedly owed to Defendant, and for the purpose of filing for bankruptcy.

32.     Between May 7, 2019 and June 1, 2019, Defendant called Plaintiff's Cellular Telephone on the following dates and times, and from the following telephone numbers:

| | | | |
|---|---|---|---|
| (a) | May 7, 2019 | 8:11 a.m. ET | (480) 550-3216 |
| (b) | May 10, 2019 | 9:25 a.m. ET | (614) 758-2307 |
| (c) | May 14, 2019 | 8:40 a.m. ET | (801) 619-2555 |
| (d) | May 22, 2019 | 9:40 a.m. ET | (801) 619-2555 |
| (e) | May 23, 2019 | 9:25 a.m. ET | (801) 619-2555 |
| (f) | May 24, 2019 | 9:29 a.m. ET | (801) 619-2555 |
| (g) | May 25, 2019 | 9:21 a.m. ET | (801) 619-2555 |
| (h) | May 25, 2019 | 12:16 p.m. ET | (801) 619-2555 |
| (i) | May 27, 2019 | 8:49 a.m. ET | (801) 619-2555 |

2019CC-006372-0000-00        Received in Polk 11/06/2019 04:35 PM

| (j) | May 28, 2019 | 8:46 a.m. ET | (801) 619-2555 |
| (k) | May 29, 2019 | 8:47 a.m. ET | (801) 619-2555 |
| (l) | May 30, 2019 | 8:43 a.m. ET | (801) 619-2555 |
| (m) | May 31, 2019 | 8:50 a.m. ET | (801) 619-2555 |
| (n) | June 1, 2019 | 9:19 a.m. ET | (801) 619-2555 |

33.     Defendant made each of the immediately-aforementioned calls using an ATDS, PTDS, and or/APV and made each call in an attempt to collect the Debt directly from Plaintiff.

34.     On or about June 3, 2019, Defendant made a call to Plaintiff's Cellular Telephone in an attempt to collect the Debt.

35.     Defendant made the immediately-aforementioned call from telephone number (385) 261-7114 using an ATDS, PTDS, and/or APV.

36.     On or about June 3, 2019, Plaintiff answered one of Defendant's telephone calls—not referenced above and made by Defendant from telephone number (385) 261-7114—and when Plaintiff picked up the phone, he heard silence for several seconds before an artificial or pre-recorded voice advised Plaintiff to "hold for customer service."

37.     During the immediately-aforementioned call, after a live agent, employee, or representative came on the line, Plaintiff advised Defendant that he retained Eva Donohue with respect to the Debt and for purposes of filing for bankruptcy, provided Eva Donohue's contact information, and demanded that Defendant stop calling Plaintiff's cellular telephone.

38.     As such, on or about June 3, 2019, Defendant possessed actual knowledge of Eva Donohue's legal representation of Plaintiff with respect to the Debt and possessed Eva Donohue's contact information.

39.     Despite Defendant possessing actual knowledge of Eva Donohue's legal representation of Plaintiff with respect to the Debt, despite Defendant possessing Eva Donohue's

7

contact information, and despite Plaintiff's demands that Defendant stop calling Plaintiff's Cellular Telephone, Defendant continued to communicated directly with Plaintiff in an attempt to collect the Debt by repeatedly calling Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV, as detailed below.

40.     More specifically, Defendant continued to make calls directly to Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV on the following dates and times, from the following telephone numbers, in an attempt to collect the Debt:

| | | | |
|---|---|---|---|
| (a) | June 3, 2019 | 9:30 a.m. ET | (801) 619-2555 |
| (b) | June 4, 2019 | 8:56 a.m. ET | (801) 619-2555 |
| (c) | June 4, 2019 | 5:52 p.m. ET | (801) 619-2555 |
| (d) | June 4, 2019 | 7:18 p.m. ET | (801) 619-2555 |
| (e) | June 5, 2019 | 10:00 a.m. ET | (385) 261-7114 |
| (f) | June 5, 2019 | 10:14 a.m. ET | (385) 261-7114 |
| (g) | June 6, 2019 | 9:54 a.m. ET | (385) 261-7114 |
| (h) | June 28, 2019 | 12:13 p.m. ET | (385) 261-7114 |
| (i) | June 28, 2019 | 12:1 p.m. ET | (285) 261-7114 |

41.     Plaintiff answered several of Defendant's above-referenced calls and when he did, Plaintiff heard an artificial or pre-recorded voice instructing Plaintiff to return Defendant's call and the call would then disconnect.

42.     Following Defendant's call to Plaintiff's Cellular Telephone on June 6, 2019 at approximately 9:54 a.m. ET, Defendant left a voicemail for Plaintiff requesting that Plaintiff return Defendant's call to 1-800-973-5095 regarding the Debt.

43.     On June 6, 2019, at approximately 9:58 a.m. ET, Plaintiff returned Defendant's call and *again* advised Defendant that he retained Eva Donohue with respect to the Debt and for

8

purposes of filing for bankruptcy, *again* provided Eva Donohue's contact information, and *again* demanded that Defendant stop calling Plaintiff's cellular telephone.

44.     On or about June 10, 2019, Defendant turned the Debt over to Capital Management Services, LLC to collect the Debt from Plaintiff on Defendant's behalf.

45.     When Defendant turned the Debt over to Capital Management Services, LLC, Defendant provided Capital Management Services, LLC with notice and actual knowledge of Eva Donohue's legal representation of Plaintiff with respect to the Debt and provided Eva Donohue's contact information.

46.     On or about June 10, 2019, Capital Management Services, LLC's employee or representative "Chris Williams" called Eva Donohue's office and confirmed Eva Donohue's legal representation of Plaintiff with respect to the Debt.

47.     Importantly, Capital Management Services, LLC did *not* communicate directly with Plaintiff regarding the Debt and could not have known of Eva Donohue's legal representation of Plaintiff with respect to the Debt unless Capital Management Services, LLC received such information directly from Defendant.

48.     As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that retaining Eva Donohue with respect to the Debt and repeatedly advising Defendant of the same was wholly ineffective, and that Defendant's frequent, repeated, and invasive Debt collection attempts would simply have to be endured.

49.     It is Defendant's corporate policy to use an ATDS, a PTDS and/or an APV when attempting to collect consumer debts, including the Debt (hereinafter, "Corporate Policy").

50.     Defendant employed its Corporate Policy of using an ATDS, a PTDS and/or an APV when Defendant made the telephone calls to Plaintiff's Cellular Telephone in this case.

9

51.     Defendant made the telephone calls to Plaintiff's Cellular Telephone with no effective way for Plaintiff to remove his Cellular Telephone number from Defendant's telephone dialing system.

52.     Defendant made calls, or caused calls to be made, to Plaintiff with no effective way for Defendant to remove Plaintiff's Cellular Telephone number from Defendant's telephone dialing system.

53.     Defendant's Corporate Policy provides no effective way for a consumer to effectively revoke any prior existing consent to be called by Defendant using an ATDS, PTDS and/or APV to make Defendant cease calling a cellular telephone.

54.     Defendant's Corporate Policy and procedures are structured as to continue to call individuals like Plaintiff using an ATDS, a PTDS, or an APV, regardless of how many times said individuals request that Defendant cease calling a cellular telephone regarding a debt allegedly owed to Defendant.

55.     Upon information and belief, Defendant engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS and/or an APV despite lacking consumers' prior express consent to do so.

56.     Defendant willfully, knowingly, and repeatedly undertakes these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

57.     Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every communication Defendant made to Plaintiff.   Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the telephonic and written communications Defendant made in violation of the FCCPA and TCPA.

10

Further, Defendant is in the best position to determine and ascertain the number and methodology of Debt collection communications made by Defendant.

58.     Plaintiff retained Eva Donohue as well as Leavengood, Dauval & Boyle, P.A., d/b/a LeavenLaw for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

59.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

60.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made by Defendant, directly or indirectly, using any ATDS or APV to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

61.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made by Defendant, directly or indirectly, using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

62.     As of the date of this complaint, Defendant did not initiate a law suit in an effort to collect the Debt.  Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through sixty-two (62) as if fully restated herein and further states as follows:

11

63.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

64.     Specifically, Defendant possessed actual knowledge of Eva Donohue's legal representation of Plaintiff with respect to the Debt, possessed actual knowledge of Eva Donohue's contact information, possessed actual knowledge that Plaintiff demanded Defendant stop communicating directly with Plaintiff regarding the Debt and instead direct any such communications to Eva Donohue's office, and possessed actual knowledge that Plaintiff explicitly revoked any purported prior express consent permitting Defendant to make calls to Plaintiff's Cellular Telephone, using an ATDS, an APV, or otherwise.

65.     Despite Defendant possessing the above-referenced knowledge, Defendant repeatedly called Plaintiff's Cellular Telephone in May 2019 and June 2019 using an ATDS, PTDS and/or APV in its attempts to collect the Debt directly from Plaintiff.

66.     Moreover, Plaintiff answered several of Defendant's calls attempting to speak with Defendant and again ask that Defendant's calls stop, but a live agent did not come on the line. Instead, Plaintiff heard an artificial or pre-recorded voice instructing Plaintiff to return Defendant's call and the call would then disconnect.

67.     Defendant's conduct served no purpose other than to annoy and harass Plaintiff into paying the Debt by continuing to impermissibly and unlawfully call Plaintiff's Cellular Telephone in an attempt to collect the Debt—circumventing Eva Donohue's legal representation of Plaintiff with respect to the Debt—leading Plaintiff to believe that he simply must endure Defendant's repeated and invasive Debt collection communications or make a payment to Defendant on the Debt.

68.     Defendant's willful, and flagrant violation of, *inter alia*, the Florida Consumer

12

Collections Practices Act as a means to collect the Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

69.      As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through sixty-two (62) as if fully restated herein and further states as follows:

70.      Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiff after Defendant received notice and possessed actual knowledge that Plaintiff retained Undersigned Counsel with respect to the Debt and after Defendant possessed Undersigned Counsel's contact information.

71.      Specifically, Plaintiff provided Defendant with actual knowledge that Eva Donohue represented Plaintiff with respect to the Debt and provided Defendant with Eva Donohue's contact information.

72.      Despite Defendant possessing actual knowledge of Eva Donohue's representation of Plaintiff with respect to the Debt and Eva Donohue's contact information, Defendant subsequently made repeated telephone calls directly to Plaintiff in May 2019 and June 2019 in its attempt to collect the Debt, making *at least* nine (9) telephone calls directly to Plaintiff's Cellular Telephone after Plaintiff first advised Defendant that he retained Eva Donohue with respect to the Debt.

73.      As such, Defendant attempted to collect the Debt directly from Plaintiff, a known represented party in violation of Florida Statutes, Section 559.72(18).

13

74.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**<u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>**

Plaintiff re-alleges paragraphs one (1) through sixty-two (62) as if fully restated herein and further states as follows:

75.     Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, PTDS and/or APV to make a telephone call to a number assigned to a cellular telephone service without Plaintiff's prior express consent.

76.     At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS and/or an APV.

77.     If Defendant contends it possessed such consent, Plaintiff revoked any such purported consent the moment Plaintiff requested that Defendant cease calling Plaintiff regarding the Debt and revoked any such purported consent the moment Plaintiff advised Defendant that he retained Eva Donohue as legal counsel with respect to the Debt and provided Defendant with Eva Donohue's contact information.

78.     Additionally, if Defendant contends the referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, PTDS and/or APV.

79.     More specifically, after Plaintiff advised Defendant that Plaintiff retained Eva Donohue with respect to the Debt, asked that Defendant stop calling Plaintiff regarding the Debt, and asked that Defendant direct any communications regarding the Debt to Eva Donohue's office, Defendant subsequently made *at least* nine (9) calls to Plaintiff's Cellular Telephone using an

14

ATDS, PTDS and/or APV.

80.     The telephone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

81.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

a.      The periodic loss of his Cellular Telephone service and the cost associated therewith;

b.      Lost material costs associated with the use of peak time minutes allotted under his Cellular Telephone service contract; and

c.      Stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.      Judgment against Defendant declaring that Defendant violated the FCCPA;

b.      Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

d.      Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

e.      Actual damages in an amount to be determined at trial;

f.      An award of attorneys' fees and costs; and

15

g.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

LEAVENLAW

/s/ Ian R. Leavengood
[X] Ian R. Leavengood, Esq., FBN 0010167
☐ Sean E. McEleney, Esq., FBN 0125561
☐ Kelly C. Burke, Esq., FBN 0123506
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
smceleney@leavenlaw.com
kburke@leavenlaw.com

~and~

Eva M. Donohue, Esq., FBN 576581
EVA M. DONOHUE, P.A.
P.O. Box 5074
Lakeland, FL 33807
Phone: (863) 687-6400
Fax: (863) 687-6440
info@emdlawfirm.com
Attorneys for Plaintiff

16

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA                              )
                                             )
COUNTY OF ___*Polk*___                        )

Plaintiff JONATHAN SPENADER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

Subscribed and sworn to before me
this 28th day of October, 2019.

My Commission Expires:

Jonathan Spenader

Kaci D. Mullins
Notary Public

Proof of I.D.: FL DL.

KACI D. MULLINS
Notary Public-State of Florida
Commission # GG 906392
My Commission Expires
August 22, 2023

Filing # 98496289 E-Filed 11/06/2019 04:33:34 PM

**IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION**

JONATHAN SPENADER,
an individual,

        Case No.:

    Plaintiff,

v.

DISCOVER PRODUCTS, INC.,
d/b/a DISCOVER BANK,
a foreign for-profit corporation,

    Defendant.

_____/

Date: _____
Time: _____
Server: _____
ID #: _____

### SUMMONS

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint and attachments in this lawsuit upon the below-named Defendant:

                Discover Products, Inc., d/b/a Discover Bank
                c/o CT Corporation System, Registered Agent
                1200 South Pine Island Road
                Plantation, FL 33324

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court located at:

                255 North Broadway Avenue, Bartow, Florida 33830

    A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.

    **If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.** There are other legal requirements; therefore you may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself , at the same time you file your written response to the Court you must also mail or hand deliver a carbon copy or photocopy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

1

Ian R. Leavengood, Esq.
Sean E. McEleney, Esq.
Kelly C. Burke, Esq.
**LEAVENLAW**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
(727) 327-3328

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:

255 North Broadway Avenue, Bartow, Florida 33830

Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Ian R. Leavengood, Esq.
Sean E. McEleney, Esq.
Kelly C. Burke, Esq.
**LEAVENLAW**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
(727) 327-3328

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

2

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a:

255 North Broadway Avenue, Bartow, Florida 33830

Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Ian R. Leavengood, Esq.
Sean E. McEleney, Esq.
Kelly C. Burke, Esq.
LEAVENLAW
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
(727) 327-3328

Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.

DATED on __11/07/2019__        STACY M. BUTTERFIELD

Clerk of Circuit Court

By: 57-2019CC-006373-0000-00

Deputy Clerk

3

Filing # 98496289 E-Filed 11/06/2019 04:33:34 PM

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

JONATHAN SPENADER,
an individual,
                                   Case No.:

     Plaintiff,

v.

DISCOVER PRODUCTS, INC.,
d/b/a DISCOVER BANK,
a foreign for-profit corporation,

     Defendant.
_____/

## DESIGNATION OF E-MAIL ADDRESSES

     **COMES NOW**, Plaintiff, JONATHAN SPENADER (hereinafter, "Plaintiff"), by and

through the undersigned counsel pursuant to the Florida Supreme Court's Order No. SC 10-2101

and Florida Rule of Judicial Administration 2.516, and hereby designates primary and secondary

electronic mail addresses for Plaintiff's counsel in this matter.

     **For Ian R. Leavengood**
     Primary:  consumerservice@leavenlaw.com

     **For Sean E. McEleney**
     Primary:  consumerservice@leavenlaw.com
     Secondary:  smceleney@leavenlaw.com

     **For Kelly C. Burke**
     Primary:  consumerservice@leavenlaw.com
     Secondary:  kburke@leavenlaw.com

     **For Eva M. Donohue**
     Primary: info@emdlawfirm.com

                            Respectfully submitted,

                            **LEAVENLAW**

                            */s/ Ian R. Leavengood*
                            [X] Ian R. Leavengood, Esq., FBN 0010167

☐ Sean E. McEleney, Esq., FBN 0125561
☐ Kelly C. Burke, Esq., FBN 0123506
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
smceleney@leavenlaw.com
kburke@leavenlaw.com

~and~

Eva M. Donohue, Esq., FBN 576581
EVA M. DONOHUE, P.A.
P.O. Box 5074
Lakeland, FL 33807
Phone: (863) 687-6400
Fax: (863) 687-6440
info@emdlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing *Designation of E-mail*

*Addresses* via U.S. Mail or process server this 6th day of November 2019 to:

Discover Products, Inc.,
d/b/a Discover Bank
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

/s/ *Ian R. Leavengood*
Attorney

2

Filing # 98496289 E-Filed 11/06/2019 04:33:34 PM

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

JONATHAN SPENADER,
an individual,                                    Case No.:

      Plaintiff,

v.

DISCOVER PRODUCTS, INC.,
d/b/a DISCOVER BANK,
a foreign for-profit corporation,

      Defendant.
_____/

## NOTICE OF PRODUCTION OF DOCUMENTS FROM NON-PARTY

YOU ARE NOTIFIED that after ten (10) days from the date of service of this notice, if

service is by delivery, or fifteen (15) days from the date of service, if service is by mail, and

if no objection is received from any party, that the undersigned attorney will issue or apply to

the Clerk of this Court for issuance of the attached subpoena directed to:

      Sprint PCS Wireless
      c/o Corporate Security
      Attn:  Records Custodian
      6480 Sprint Parkway
      Overland Park, KS 66251
      Phone: 888-877-7330
      Fax: 816-600-3161

Plaintiff's cellular telephone service carrier, Sprint PCS Wireless, is not a party to the

instant case, and Plaintiff demands that it produce the documents described in the attached

subpoena, at the time and place specified in the attached subpoena.

      Respectfully submitted,

      LEAVENLAW

      */s/ Ian R. Leavengood*
      Ian R. Leavengood, Esq., FBN 010167
      Sean E. McEleney, Esq., FBN 125561

1

Kelly C. Burke, Esq., FBN 0123506
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-330
consumerservice@leavenlaw.com
smceleney@leavenlaw.com
kburke@leavenlaw.com

~and~

Eva M. Donohue, Esq., FBN 576581
EVA M. DONOHUE, P.A.
P.O. Box 5074
Lakeland, FL 33807
Phone: (863) 687-6400
Fax: (863) 687-6440
info@emdlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing *Notice of Production of Documents*

*from Non-Party* via U.S. Mail or process server this 6th day of November 2019 to:

Discover Products, Inc.,
d/b/a Discover Bank
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

/s/ Ian R. Leavengood
Attorney

2

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

JONATHAN SPENADER,
an individual,

     Plaintiff,                                    CASE NO.: 2019-CC-006372

v.

DISCOVER PRODUCTS, INC.,
d/b/a DISCOVER BANK,
a foreign for-profit corporation,

     Defendant.

_____/

## <u>DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME<br>TO RESPOND TO PLAINTIFF'S COMPLAINT</u>

Defendant, DISCOVER BANK, INC., incorrectly identified as DISCOVER PRODUCTS, INC., d/b/a DISCOVER BANK ("Defendant"), by and through its undersigned counsel, and without waiving its right to arbitrate the plaintiff's claims, hereby files this Unopposed Motion for Extension of Time to Respond to the Complaint filed by Plaintiff, JONATHAN SPENADER ("Plaintiff"), stating as follows:

1.     Defendant's response to Plaintiff's Complaint is due December 2, 2019.

2.     Counsel for Defendant was recently retained to defend this lawsuit, and Defendant continues to investigate the claims at issue.

3.     Defendant requests an additional ten (10) days up to and including December 12, 2019 to respond to Plaintiff's Complaint.

5.     The request for additional time is not intended for delay, and no party will be prejudiced by the relief sought herein

42514816 v1

6.     Counsel for Defendant has conferred with Counsel for Plaintiff, who does not oppose the relief requested.

WHEREFORE, Defendant requests an extension of time of ten (10) days up to and including December 12, 2019 to respond to Plaintiff's Complaint.

Respectfully submitted,

/s/ *Charles C. Davis III*
David A. Elliott, Esq.
Florida Bar No.: 0094237
Charles C. Davis, III, Esq.
Florida Bar No.: 1003433
**BURR & FORMAN LLP**
201 N. Franklin Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 221-2626
Facsimile: (813) 221-7335
Primary Email: delliott@burr.com
Secondary Email: cwingate@burr.com
Primary Email: cdavis@burr.com
Secondary Email: anolting@burr.com,
dmorales@burr.com; mguerra@burr.com

*Attorneys for Defendant,*
*DISCOVER BANK, INC.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 2, 2019, I electronically filed the foregoing with the Clerk of Court by using the Florida E-portal, which will send an electronic service copy to:

Ian R. Leavengood, Esq.
Sean E. McEleney, Esq.,
Kelly C. Burke, Esq.,
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
consumerservice@leavenlaw.com
smceleney@leavenlaw.com
kburke@leavenlaw.com

*-and-*

Eva M. Donohue, Esq.,
EVA M. DONOHUE, P.A.
P.O. Box 5074
Lakeland, FL 33807
info@emdlawfirm.com
*Attorneys for Plaintiff*

*/s/ Charles C. Davis, III*
Charles C. Davis, III, Esq.
